## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **ADAPTIX, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 6:13-cv-440 |
| ) | |
| HUAWEI TECHNOLOGIES CO., LTD., ) | JURY TRIAL DEMANDED |
| HUAWEI TECHNOLOGIES USA, INC., ) | |
| HUAWEI DEVICES USA, INC., and ) | |
| **T-MOBILE USA, INC.** *f/k/a* ) | |
| **METROPCS WIRELESS, INC. and** ) | |
| **METROPCS COMMUNICATIONS,** ) | |
| **INC.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which plaintiff, ADAPTIX, Inc.

("ADAPTIX"), complains against Defendants Huawei Technologies Co., Ltd., Huawei

Technologies USA, Inc., and Huawei Devices USA, Inc. (collectively "Huawei") and T-Mobile

USA, Inc. *f/k/a* MetroPCS Wireless, Inc. and MetroPCS USA Communications, Inc. (together

"T-Mobile"), (collectively "Defendants"), as follows:

## THE PARTIES

1.      ADAPTIX is a Delaware corporation with its principal place of business in the

Eastern District of Texas at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

2.      On information and belief, Huawei Technologies Co., Ltd. is a corporation

organized under the laws of the People's Republic of China, and has its principal place of

business located in Huawei Industrial Base, Bantian, Longgang, Shenzhen, Guangdong, P.R. China 518129, where it can be served with process.

3.      On information and belief, Huawei Technologies USA, Inc. is a corporation organized under the laws of the State of Texas, and has its principal place of business located in the Eastern District of Texas at 5700 Tennyson Parkway, Suite 500, Plano, Texas 75024. Huawei Technologies USA, Inc. has designated CT Corporation Systems, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201 as its agent for service of process.

4.      On information and belief, Huawei Devices USA, Inc. is a corporation organized and existing under the laws of the State of Texas with its principal place of business in the Eastern District of Texas at 5700 Tennyson Parkway, Suite 500, Plano, Texas 75024.  Huawei Devices USA, Inc. has designated CT Corporation Systems, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201 as its agent for service of process.

5.      Defendants Huawei Technologies Co., Ltd., Huawei Technologies USA, Inc., and Huawei Devices USA, Inc. are referred to collectively as "Huawei."

6.      On information and belief, T-Mobile USA, Inc. ("T-Mobile") is a Delaware corporation with a principal place of business at 12920 SE 38th Street, Bellevue, Washington 98006.  T-Mobile also regularly conducts business in this judicial district, including at 601 W. 15th Street, Suite 102, Plano, Texas 75075, and at 811 N. Central Expressway, Suite 2305, Plano, Texas 75075 and 1110 Parker Road East, Suite C, Plano, Texas 75074.  T-Mobile's registered agent for service of process in Texas is Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

7.      On information and belief, MetroPCS Wireless, Inc. is or was a Delaware corporation with its principal place of business at 8144 Walnut Hill Lane, Suite 800, Dallas,

Texas 75231.  MetroPCS Wireless, Inc.'s registered agent for services of process in Texas is

Prentice Hall Corporation System, 701 Brazos Street, Suite 1050, Austin, Texas 78701

("MetroPCS Wireless").

       8.     On information and belief, MetroPCS Communications, Inc. is or was a Delaware

corporation with its principal place of business at 2250 Lakeside Boulevard, Richardson, Texas

75082.  MetroPCS Communications, Inc.'s registered agent for services of process in Texas is

Corporation Service Company *d/b/a* CSC-Lawyers Incorporating Service Company, 211 E. 7th

Street, Suite 620, Austin, Texas 78701 ("MetroPCS Communications") (collectively "MetroPCS

Wireless" and "MetroPCS Communications" shall be "MetroPCS").

       9.     On information and belief, MetroPCS has been acquired by T-Mobile.  For

convenience, therefore, T-Mobile shall be referred to as T-Mobile *f/k/a* MetroPCS Wireless and

MetroPCS Communications (together "T-Mobile").  Huawei and T-Mobile may be referred to

collectively as the "Defendants."

## JURISDICTION AND VENUE

      10.    This action arises under the patent laws of the United States, Title 35 of the

United States Code, 35 U.S.C. §§ 101 *et seq*.  This Court has subject matter jurisdiction pursuant

to 28 U.S.C. §§ 1331 and 1338(a).

      11.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b, c) and

1400(b).  On information and belief, each defendant has purposely transacted business in this

judicial district, has committed acts of direct and/or indirect infringement in this judicial district.

      12.    On information and belief, each defendant is subject to this Court's specific and

general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at

least to its substantial business in this forum, including: (A) at least part of its infringing

activities alleged herein, and (B) regularly doing or soliciting business, engaging in other

persistent causes of conduct, and/or deriving substantial revenue from goods and services

provided to persons and other entities in Texas and this judicial district.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 7,454,212)

13.     ADAPTIX incorporates paragraphs 1 through 12 herein by reference.

14.     This cause of action arises under the patent laws of the United States, and in

particular, 35 U.S.C. §§ 271 *et seq*.

15.     ADAPTIX is the owner by assignment of United States Patent No. 7,454,212,

entitled "OFDMA WITH ADAPTIVE SUBCARRIER-CLUSTER CONFIGURATION AND

SELECTIVE LOADING" ("the '212 patent") with ownership of all substantial rights in the '212

patent, including the right to exclude others and to sue and recover damages for the past and

future infringement thereof.  A true and correct copy of the '212 patent is attached as Exhibit A.

16.     The '212 patent is valid, enforceable, and was duly issued in full compliance with

Title 35 of the United States Code.

17.     ADAPTIX has been damaged as a result of HUAWEI's and T-Mobile's

infringing conduct described in this Count.  HUAWEI and T-Mobile are, thus, liable to

ADAPTIX in an amount that adequately compensates it for their infringement, which by law,

cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court

under 35 U.S.C. § 284.


**(Direct Infringement)**

18.     On information and belief, HUAWEI has and continues to directly infringe one or

more claims of the '212 patent in this judicial district and/or elsewhere in Texas and the United

States, including at least claim 1 by, among other things, making, using, offering for sale, selling, and/or importing computerized communications devices, including without limitation the T-Mobile Sonic™ 2.0 (Huawei E587), Huawei Activa™ 4G (Huawei M920), and Huawei Premia™ 4G, which, at a minimum, directly infringe the '212 patent.  HUAWEI is thereby liable for infringement of the '212 patent pursuant to 35 U.S.C. § 271(a).  HUAWEI's infringement has caused damage to ADAPTIX, which infringement and damage to ADAPTIX will continue unless and until HUAWEI is enjoined.  HUAWEI is thereby liable for infringement of the '212 patent pursuant to 35 U.S.C. § 271(a).

19.     On information and belief, T-Mobile has and continues to directly infringe one or more claims of the '212 patent in this judicial district and/or elsewhere in Texas and the United States, including at least claim 1 by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the T-Mobile Sonic™ 2.0 (Huawei E587), Huawei Activa™ 4G (Huawei M920), and Huawei Premia™ which, at a minimum, directly infringe the '212 patent.  T-Mobile's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until T-Mobile is enjoined.  T-Mobile is thereby liable for infringement of the '212 patent pursuant to 35 U.S.C. § 271(a).

20.     Based upon information set forth in the preceding two paragraphs, on information and belief both HUAWEI and T-Mobile have and continue to directly and jointly infringe one or more claims of the '212 patent in this judicial district and/or elsewhere in Texas and the United States, including at least claim 1 by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the T-Mobile Sonic™ 2.0 (Huawei E587), Huawei Activa™ 4G (Huawei M920), and Huawei

Premia™ which, at a minimum, directly infringe the '212 patent.  Thereby, HUAWEI and T-Mobile are jointly liable for infringement of the '212 patent pursuant to 35 U.S.C. § 271(a). HUAWEI's and T-Mobile's joint infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until HUAWEI and T-Mobile are enjoined.

**(Indirect Infringement - Inducement)**

21.     Based on the information presently available to ADAPTIX, absent discovery, and in the alternative to direct infringement, ADAPTIX contends that HUAWEI has and continues to indirectly infringe one or more claims of the '212 patent, including at least claim 16 by, among other things, making, selling, testing, and/or importing the T-Mobile Sonic™ 2.0 (Huawei E587), Huawei Activa™ 4G (Huawei M920), and Huawei Premia™ 4G, and/or advertising the LTE capability of the T-Mobile Sonic™ 2.0 (Huawei E587), Huawei Activa™ 4G (Huawei M920), and Huawei Premia™ 4G.  T-Mobile and/or HUAWEI's end users who purchase systems and components thereof and operate such systems and components in accordance with HUAWEI's instructions directly infringe one or more claims of the '212 patent in violation of 35 U.S.C. § 271(b).  HUAWEI's infringement has caused damage to ADAPTIX, which infringement and damage to ADAPTIX will continue unless and until HUAWEI is enjoined. HUAWEI is thereby liable for infringement of the '212 patent pursuant to 35 U.S.C. § 271(b).

22.     Based on the information presently available to ADAPTIX, absent discovery, and in the alternative to direct infringement, ADAPTIX contends that T-Mobile has and continues to indirectly infringe one or more claims of the '212 patent, including at least claim 16 by, among other things, taking active steps to encourage and facilitate its customers to purchase and use the T-Mobile Sonic™ 2.0 (Huawei E587), Huawei Activa™ 4G (Huawei M920), and Huawei

Premia™ 4G.  T-Mobile's customers who purchase systems and components thereof and operate such systems and components in accordance with T-Mobile's instructions directly infringe one or more claims of the '212 patent in violation of 35 U.S.C. § 271(b).  T-Mobile's infringement has caused damage to ADAPTIX, which infringement and damage to ADAPTIX will continue unless and until T-Mobile is enjoined.  T-Mobile is thereby liable for infringement of the '212 patent pursuant to 35 U.S.C. § 271(b).

23.     On information and belief, Defendants have been on notice of the '212 patent since at least service of this action.  In accordance with Fed. R. Civ. P. 11(b)(3), ADAPTIX will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

24.     On information and belief, since Defendants have been on notice of the '212 patent, Defendants have been knowingly inducing infringement of the '212 patent, including at least claim 16 of the '212 patent, and possessing specific intent to encourage others' infringement.

25.     On information and belief, since Defendants have been on notice of the '212 patent, Defendants knew or should have known that their actions would induce actual infringement of the '212 patent, including at least claim 16 of the '212 patent.

26.     Defendants have not produced any evidence as to any investigation, design around, or that any remedial action was taken with respect to the '212 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), ADAPTIX will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

**(Indirect Infringement - Contributory)**

27.     Based on the information presently available to ADAPTIX, absent discovery, and in the alternative to direct infringement, ADAPTIX contends that HUAWEI has and continues to indirectly infringe one or more claims of the '212 patent, including at least claim 16 by, among other things, contributing to the direct infringement of others, including entities such as T-Mobile and end users of HUAWEI's computerized communications devices, including without limitation the T-Mobile Sonic™ 2.0 (Huawei E587), Huawei Activa™ 4G (Huawei M920), and Huawei Premia™ 4G, through supplying infringing systems and components, that infringe one or more claims of the '212 patent, including at least claim 16, in violation of 35 U.S.C. § 271(c).

28.     Based on the information presently available to ADAPTIX, absent discovery, and in the alternative to direct infringement, ADAPTIX contends that T-Mobile has and continues to indirectly infringe one or more claims of the '212 patent, including at least claim 16 by, among other things, contributing to the direct infringement of others, including entities such as customers of T-Mobile's computerized communications devices, including without limitation the T-Mobile Sonic™ 2.0 (Huawei E587), Huawei Activa™ 4G (Huawei M920), and Huawei Premia™ 4G, through supplying infringing systems and components, that infringe one or more claims of the '212 patent, including at least claim 16, in violation of 35 U.S.C. § 271(c).

29.     Defendants have and continue to contribute to the direct infringement of others, such as end users of Defendants' computerized communications devices, by making, offering to sell, selling, re-selling, and/or importing into the United States a component of a patented apparatus that constitutes a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '212 patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.  An example of such a

material component offered for sale, sold, and/or imported by Defendants is Defendants'

computerized communications devices and the technology associated therewith.

30.      On information and belief, Defendants have been on notice of the '212 patent

since at least service of this action, or before, but has continued since that time to cause others to

directly infringe the '212 patent as alleged herein.  In accordance with Fed. R. Civ. P. 11(b)(3),

ADAPTIX will likely have additional evidentiary support after a reasonable opportunity for

further investigation or discovery on this issue.

31.      Since Defendants have been on notice of the '212 patent, Defendants knew or

should have known that Defendants' computerized communications devices and the technology

associated therewith constituted material components of the inventions claimed in the '212

patent, are especially made or especially adapted for use in infringement of the '212 patent, and

are not a staple article or commodity of commerce suitable for substantial non-infringing use.

32.      By virtue of at least this Complaint, Defendants have been provided with written

notice of ADAPTIX's allegations that Defendants have and continue to contributorily infringe

the '212 patent and written identification of exemplar products that infringe one or more claims

of the '212 patent (e.g., systems used by end users of Defendants' computerized communications

devices) and written notice of an exemplar material part of these devices (e.g., Defendants'

computerized communications devices and the technology associated therewith) that are

especially made or especially adapted for use in infringing the '212 patent and are not staple

articles or commodities of commerce suitable for substantial non-infringing use.

## COUNT II
### (INFRINGEMENT OF U.S. PATENT NO. 6,947,748)

33.     ADAPTIX incorporates paragraphs 1 through 32 herein by reference.

34.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271 *et seq.*

35.     ADAPTIX is the owner by assignment of United States Patent No. 6,947,748 entitled "OFDMA WITH ADAPTIVE SUBCARRIER-CLUSTER CONFIGURATION AND SELECTIVE LOADING" ("the '748 patent") with ownership of all substantial rights in the '748 patent, including the right to exclude others and to sue and recover damages for the past and future infringement thereof.  A true and correct copy of the '748 patent is attached as Exhibit B.

36.     The '748 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

37.     ADAPTIX has been damaged as a result of HUAWEI's and T-Mobile's infringing conduct described in this Count.  HUAWEI and T-Mobile are, thus, liable to ADAPTIX in an amount that adequately compensates it for their infringement, which by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### (Direct Infringement)

38.     On information and belief, HUAWEI has and continues to directly infringe one or more claims of the '748 patent in this judicial district and/or elsewhere in Texas and the United States, including at least claim 6 and 8 by, among other things, making, using, offering for sale, selling, and/or importing computerized communications devices, including without limitation the T-Mobile Sonic™ 2.0 (Huawei E587), Huawei Activa™ 4G (Huawei M920), and Huawei

Premia™ 4G which, at a minimum, directly infringe the '748 patent. HUAWEI is thereby liable for infringement of the '748 patent pursuant to 35 U.S.C. § 271(a). HUAWEI's infringement has caused damage to ADAPTIX, which infringement and damage to ADAPTIX will continue unless and until HUAWEI is enjoined. HUAWEI is thereby liable for infringement of the '748 patent pursuant to 35 U.S.C. § 271(a).

39.     On information and belief, T-Mobile has and continues to directly infringe one or more claims of the '748 patent in this judicial district and/or elsewhere in Texas and the United States, including at least claims 6 and 8 by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the T-Mobile Sonic™ 2.0 (Huawei E587), Huawei Activa™ 4G (Huawei M920), and Huawei Premia™ 4G which, at a minimum, directly infringe the '748 patent. T-Mobile is thereby liable for infringement of the '748 patent pursuant to 35 U.S.C. § 271(a). T-Mobile's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until T-Mobile is enjoined. T-Mobile is thereby liable for infringement of the '748 patent pursuant to 35 U.S.C. § 271(a).

40.     Based upon information set forth in the preceding two paragraphs, on information and belief both HUAWEI and T-Mobile have and continue to directly and jointly infringe one or more claims of the '748 patent in this judicial district and/or elsewhere in Texas and the United States, including at least claims 6 and 8 by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the T-Mobile Sonic™ 2.0 (Huawei E587), Huawei Activa™ 4G (Huawei M920), and Huawei Premia™ 4G which, at a minimum, directly infringe the '748 patent. Thereby, HUAWEI and T-Mobile are jointly liable for infringement of the '748 patent pursuant to 35 U.S.C. § 271(a).

HUAWEI's and T-Mobile's joint infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until HUAWEI and T-Mobile are enjoined.

**(Indirect Infringement - Inducement)**

41.     Based on the information presently available to ADAPTIX, absent discovery, and in the alternative to direct infringement, ADAPTIX contends that HUAWEI has and continues to indirectly infringe one or more claims of the '748 patent, including at least claims 6 and 8 and by, among other things, making, selling, testing, and/or importing  the T-Mobile Sonic™ 2.0 (Huawei E587), Huawei Activa™ 4G (Huawei M920), and Huawei Premia™ 4G, and/or advertising the LTE capability of the T-Mobile Sonic™ 2.0 (Huawei E587), Huawei Activa™ 4G (Huawei M920), and Huawei Premia™ 4G which, at a minimum, directly infringe the '748 patent.  HUAWEI's end users who purchase systems and components thereof and operate such systems and components in accordance with HUAWEI's instructions directly infringe one or more claims of the '748 patent in violation of 35 U.S.C. § 271(b).  HUAWEI's infringement has caused damage to ADAPTIX, which infringement and damage to ADAPTIX will continue unless and until HUAWEI is enjoined.  HUAWEI is thereby liable for infringement of the '748 patent pursuant to 35 U.S.C. § 271(b).

42.     Based on the information presently available to ADAPTIX, absent discovery, and in the alternative to direct infringement, ADAPTIX contends that T-Mobile has and continues to indirectly infringe one or more claims of the '748 patent, including at least claims 6 and 8 by, among other things, taking active steps to encourage and facilitate its customers to purchase and use the T-Mobile Sonic™ 2.0 (Huawei E587), Huawei Activa™ 4G (Huawei M920), and Huawei Premia™ 4G which, at a minimum, directly infringe the '748 patent.  T-Mobile's

customers who purchase systems and components thereof and operate such systems and components in accordance with T-Mobile's instructions directly infringe one or more claims of the '748 patent in violation of 35 U.S.C. § 271(b).  T-Mobile's infringement has caused damage to ADAPTIX, which infringement and damage to ADAPTIX will continue unless and until T-Mobile is enjoined.  T-Mobile is thereby liable for infringement of the '748 patent pursuant to 35 U.S.C. § 271(b).

43.     On information and belief, Defendants have been on notice of the '748 patent since at least service of this action.  In accordance with Fed. R. Civ. P. 11(b)(3), ADAPTIX will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

44.     On information and belief, since Defendants have been on notice of the '748 patent, Defendants have been knowingly inducing infringement of the '748 patent, including at least claims 6 and 8 of the '748 patent, and possessing specific intent to encourage others' infringement.

45.     On information and belief, since Defendants have been on notice of the '748 patent, Defendants knew or should have known that their actions would induce actual infringement of the '748 patent, including at least claims 6 and 8 of the '748 patent.

46.     Defendants have not produced any evidence as to any investigation, design around or that any remedial action was taken with respect to the '748 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), ADAPTIX will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

**(Indirect Infringement - Contributory)**

47.    Based on the information presently available to ADAPTIX, absent discovery, and in the alternative to direct infringement, ADAPTIX contends that HUAWEI has and continues to indirectly infringe one or more claims of the '748 patent, including at least claims 19 and 21 by, among other things, contributing to the direct infringement of others, including entities such as T-Mobile and end users of HUAWEI's computerized communications devices, including without limitation the T-Mobile Sonic™ 2.0 (Huawei E587), Huawei Activa™ 4G (Huawei M920), and Huawei Premia™ 4G, through supplying infringing systems and components, that infringe one or more claims of the '748 patent, including at least claims 19 and 21, in violation of 35 U.S.C. § 271(c).

48.    Based on the information presently available to ADAPTIX, absent discovery, and in the alternative to direct infringement, ADAPTIX contends that T-Mobile has and continues to indirectly infringe one or more claims of the '748 patent, including at least claims 19 and 21 by, among other things, contributing to the direct infringement of others, including entities such as customers of T-Mobile's computerized communications devices, including without limitation the T-Mobile Sonic™ 2.0 (Huawei E587), Huawei Activa™ 4G (Huawei M920), and Huawei Premia™ 4G, through supplying infringing systems and components, that infringe one or more claims of the '748 patent, including at least claims 19 and 21, in violation of 35 U.S.C. § 271(c).

49.    Defendants have and continue to contribute to the direct infringement of others, such as end users of Defendants' computerized communications devices, by making, offering to sell, selling, re-selling, and/or importing into the United States a component of a patented apparatus that constitutes a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '748 patent and not a staple article or

commodity of commerce suitable for substantial non-infringing use.  An example of such a material component offered for sale, sold, and/or imported by Defendants is Defendants' computerized communications devices and the technology associated therewith.

50.     On information and belief, Defendants have been on notice of the '748 patent since at least service of this action, or before, but has continued since that time to cause others to directly infringe the '748 patent as alleged herein.  In accordance with Fed. R. Civ. P. 11(b)(3), ADAPTIX will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

51.     Since Defendants have been on notice of the '748 patent, Defendants knew or should have known that Defendants' computerized communications devices and the technology associated therewith constituted material components of the inventions claimed in the '748 patent, are especially made or especially adapted for use in infringement of the '748 patent, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

52.     By virtue of at least this Complaint, Defendants have been provided with written notice of ADPATIX's allegations that Defendants have and continue to contributorily infringe the '748 patent and written identification of exemplar products that infringe one or more claims of the '748 patent (e.g., systems used by end users of Defendants' computerized communications devices) and written notice of an exemplar material part of these devices (e.g., Defendants' computerized communications devices and the technology associated therewith) that are especially made or especially adapted for use in infringing the '748 patent and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

## PRAYER FOR RELIEF

Wherefore, ADAPTIX respectfully requests that this Court enter:

A.      Judgment in favor of ADAPTIX that each defendant has infringed the '212 and '748 patents, directly and indirectly, as aforesaid;

B.      A permanent injunction enjoining each defendant, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents and all others acting in active concert or privity therewith from direct and/or indirect infringement of the '212 and '748 patents pursuant to 35 U.S.C. § 283;

C.      An order requiring each defendant to pay ADAPTIX its damages with pre- and post-judgment interest and costs thereon pursuant to 35 U.S.C. § 284;

D.      A determination that this case is exceptional pursuant to 35 U.S.C. § 285; and

E.      Any and all further relief to which the Court may deem ADAPTIX is entitled.

## DEMAND FOR JURY TRIAL

ADAPTIX requests a trial by jury on all issues so triable by right pursuant to Fed. R. Civ. P. 38.

Dated: May 28, 2013                    **ADAPTIX, INC.**

                                       By: _/s/ Craig Tadlock_____
                                       Craig Tadlock
                                       Texas State Bar No. 00791766
                                       Keith Smiley
                                       Texas State Bar No. 24067869
                                       **TADLOCK LAW FIRM PLLC**
                                       2701 Dallas Parkway, Suite 360
                                       Plano, Texas 75093
                                       Tel: (903) 730-6789
                                       Email: craig@tadlocklawfirm.com
                                       Email: keith@tadlocklawfirm.com

Paul J. Hayes
Samiyah Diaz
Steven E. Lipman
**HAYES, BOSTOCK & CRONIN LLC**
300 Brickstone Square, 9th Fl.
Andover, Massachusetts 01810
Tel: (978) 809-3850
Fax: (978) 809-3869
Email: phayes@hbcllc.com
Email: sdiaz@hbcllc.com
Email: slipman@hbcllc.com


**ATTORNEYS FOR THE PLAINTIFF
ADAPTIX, INC.**